IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID EDWARD SCHLESSINGER, )<br>)<br>Plaintiff/ )<br>Appellant, )<br>)<br>v. )<br>)<br>DAVID SCHLESSINGER, )<br>)<br>Defendant/ )<br>Appellee. ) | Civil Action No. 05-0174<br>(Bankruptcy No. 03-30882 BM)<br>(Adversary No. 03-3290 BM) |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                                November 28, 2005

The parties are familiar with the factual background and legal issues of this dispute between a father and son and, therefore, they need not be set forth in detail here. We need only state that the United States Bankruptcy Judge entered judgment in favor of debtor David Schlessinger ("defendant") and against plaintiff David Edward Schlessinger. Plaintiff claimed that $189,453.00 defendant owes to him should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4) or 11 U.S.C. § 523(a)(6). Specifically, plaintiff claimed that a decree nisi the Court of Common Pleas of Allegheny County entered in his favor and against defendant, for defendant's breach of fiduciary duty, established that defendant had committed acts sufficient to

except the debt from discharge.  The bankruptcy court held that the decree nisi did not establish that the debt should be excepted from discharge.  Plaintiff has filed this appeal and argues that the bankruptcy court erred in its interpretation of the state court judgment.

Plaintiff contends the bankruptcy court erred in finding that the decree nisi did not conclusively establish that defendant had incurred the debt for "willful and malicious injury by the debtor to another entity or to the property of another entity" under 11 U.S.C. § 523(a)(6).  Plaintiff further contends that the bankruptcy court erred in determining that the decree nisi did not conclusively establish that defendant had incurred the debt as a result of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny..." under 11 U.S.C. § 523(a)(4).

This court has appellate jurisdiction over final orders of the bankruptcy court.  28 U.S.C. § 158(A)(1).  The bankruptcy court's conclusions of law are reviewed *de novo* and the court's findings of fact may not be set aside unless they are clearly erroneous.  <u>Mellon Bank, N.A. v. Metro Communications, Inc.</u>, 945 F.2d 635 (3d Cir. 1991).  We have carefully considered each of plaintiff's arguments and find them to be without merit.

Accordingly, this 28th day of November, 2005, IT IS HEREBY ORDERED that the bankruptcy court's order is AFFIRMED. The memorandum and order of the Honorable Bernard Markovitz, United States Bankruptcy Judge, dated December 22, 2004, is adopted as the opinion of the Court.

BY THE COURT:

_____, J.

cc: The Honorable Bernard Markovitz
    United States Bankruptcy Judge

    All Counsel of Record